## No. 12,197.

SHERMAN MERCANTILE COMPANY *v.* MOUNTAIN ICE AND
COAL COMPANY ET AL.

(290 Pac. 276)

Decided June 23, 1930.

Mr. ELMER E. WEITZEL, Mr. HERSCHEL HORN, Mr. ED-
WARD F. CHAMBERS, for plaintiff in error.

Mr. RILEY R. CLOUD, Mr. JOHN H. VOORHEES, for de-
fendants in error.

*In Department.*

MR. CHIEF JUSTICE WHITFORD delivered the opinion of
the court.

THIS is an action to recover possession of certain cases
of eggs stored in the warehouse of the Mountain Ice and
Coal Company.

At the close of the plaintiff's case, on motion, the court
directed a verdict for the defendant, the Jagger Produce
Company, and entered judgment accordingly. To review
that judgment the plaintiff, the Sherman Mercantile

Company, comes here on error. The Mountain Ice and Coal Company was eliminated from the case by stipulation.

■ After declaring the corporate existence of the parties, the complaint alleges, in substance, that on September 1, 1927, the plaintiff was the owner of 327 cases of eggs, designated as lot No. 0282, which was being kept for it in a cold storage plant at Pueblo by the Mountain Ice and Coal Company; that on that day James J. Davidson, an employe of the plaintiff, without authority of the plaintiff, signed an order purporting to authorize the Mountain Ice and Coal Company to deliver to C. R. Richards the said 327 cases of eggs, of the value of $1,852.50; that plaintiff never approved of, or confirmed said order; that the said merchandise order was executed by the said Davidson without said Richards' knowledge, request, or authorization; that the defendant, the Jagger Produce Company, turned over and delivered to the Mountain Ice and Coal Company an order for the 327 cases of eggs, with the name of C. R. Richards upon it, which purported to have been signed by said Richards, authorizing the said Mountain Ice and Coal Company to deliver over to it, the said Jagger Produce Company, the said 327 cases of eggs, which was without the authorization, knowledge, or consent of said Richards; that the said order was fraudulent; that thereafter the said Richards, in writing, informed the Mountain Ice and Coal Company that the order delivered to it by the Jagger Produce Company for the delivery of the said 327 cases of eggs to the Jagger Produce Company was without authority, and instructed the Mountain Ice and Coal Company not to deliver the remainder of the 327 cases of eggs to the Jagger Produce Company, but to deliver them to the plaintiff; that the plaintiff, the Sherman Mercantile Company, notified the Mountain Ice and Coal Company that the order signed by said Davidson, purporting to authorize it, the said Mountain Ice and Coal Company, to deliver the said 327 cases of eggs to C. R. Richards

was without authority of the Sherman Mercantile Company, and that the plaintiff disavowed and cancelled the same, and demanded the possession of said eggs, which was refused; alleged that the value of said cases of eggs so detained by defendants was $1,852.50.

The answer of the Jagger Produce Company admits that on September 1, 1927, the plaintiff was the owner of the 327 cases of eggs, and that the eggs were being kept for the plaintiff in the cold storage plant of the Mountain Ice and Coal Company at Pueblo.

The evidence on the trial showed that C. R. Richards was engaged from January, 1927, up to the time of the transaction here in question in what is called by the witnesses "a trucking business," which consisted in buying produce, and transporting it by truck to various points in the Arkansas valley, from Lamar to Pueblo, and re-selling the same to merchants and commission men on his route. He became indebted to the defendant, the Jagger Produce Company, and owed it on September 1, 1927, over $1,300. In July, 1927, he had in storage with the Mountain Ice and Coal Company 51 cases of eggs. Richards agreed with John Jagger to transfer to the Jagger Produce Company either all or part of the said 51 cases of eggs, which the company might desire for its trade, and to that end, and for that purpose, Richards signed two blank orders on the printed blanks of the Mountain Ice and Coal Company, and delivered the two signed blank orders to John Jagger, for the Jagger Produce Company. It seems that only one of the blank orders was used in completing the transfer of the 51 cases of eggs. On September 1, 1927, the plaintiff had in storage with the Mountain Ice and Coal Company a carload of eggs, consisting of 327 cases, designated as lot No. 0282. On that day John Jagger, of the Jagger Produce Company, in the absence of the manager of the Mountain Ice and Coal Company, approached James J. Davidson, the egg candler and chicken picker of plaintiff, and presented an order to Davidson for him to sign in the name of the

plaintiff, ordering the Mountain Ice and Coal Company to deliver to Richards the said cases of eggs. Davidson read the order, and told Jagger that he did not think he had any authority to sign such order on behalf of the Sherman Mercantile Company. However, Jagger obtained the signature of Davidson to the order, which on its face purported to be signed by the Sherman Mercantile Company. No one connected with the Sherman Mercantile Company knew anything whatever about the transaction except Davidson, the egg candler and chicken picker, who had told John Jagger in the first instance that he did not think he had any authority to sign such an order. There was no price or terms fixed by Davidson and Jagger for the transfer of the eggs, and there was no consideration whatever passing to the Sherman Mercantile Company, either then or thereafter, for the transfer of the eggs. Jagger, it seems, took one of the two above blank orders signed in July by C. R. Richards in connection with the transfer of the 51 cases of eggs, and caused his employe to fill it out as of August 31, 1927, by the terms of which it purported to order the Mountain Ice and Coal Company to deliver the 327 cases of eggs, designated as lot No. 0282, to the Jagger Produce Company, and thereupon gave Richards, without his knowledge, credit on his indebtedness on the books of the Jagger Produce Company for the 327 cases of eggs. Richards testified that he had no knowledge of the transaction until 16 days thereafter; that he did not thereafter confirm or ratify the transaction; that the attempted transfer of the 327 cases of eggs to him by Davidson was without his knowledge or consent; that he had not in any way authorized such transfer, or to enter the same to his account; that he did not know the price of eggs at that time; that he did not authorize John Jagger, or the Jagger Produce Company, or any other person, to fill out the blank order for the transfer of the 327 cases of eggs; that he knew nothing about the eggs, or the market price, until September 15, 1927; that he repudiated

556

the entire transaction and refused to be bound thereby, and so notified the Sherman Mercantile Company and the Jagger Produce Company.

It seems clear that the learned trial judge fell into error in directing a verdict for the defendant at the close of the plaintiff's case. There was ample evidence to carry the case to the jury. It was the province of the jury to pass upon the credibility of the witnesses and the weight to be given to the testimony. In our view of the case it is not necessary to pass upon other assignments of error.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.